Pltf's UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MILFORD DIXON,

    Petitioner,

                                                  CASE NO. 15-11977
v.                                              HONORABLE NANCY G. EDMUNDS

PAUL KLEE,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR BOND,
ORAL ARGUMENTS, AN EVIDENTIARY HEARING, DISCOVERY,
AND A CERTIFICATE OF APPEALABILITY** (ECF No. 10)

### I. Introduction

This is a habeas corpus action under 28 U.S.C. § 2254. The pleadings and record before the Court indicate that, in 2013, petitioner Ronald Milford Dixon ("Petitioner") pleaded guilty in Saginaw County Circuit Court to possession of less than twenty-five grams of cocaine. The trial court sentenced Petitioner to sixty days in jail and three years on probation. As a condition of probation, Petitioner was required to complete a substance-abuse program offered by an agency known as Tri-CAP.

Petitioner subsequently was charged with violating the terms of probation by not completing the Tri-CAP program. Following an evidentiary hearing, the trial court found Petitioner guilty as charged. The court then sentenced Petitioner to prison for a minimum of thirty months and a maximum of fifteen years with credit for 121 days.[1]

---

[1] This sentence was later reduced to two to fifteen years in prison with credit for 382 days.

Petitioner moved to set aside his conviction for violating the conditions of probation. He claimed, among other things, that his hearing attorney was ineffective. The trial court determined that the attorney was not constitutionally ineffective. The Michigan Court of Appeals found no merit in Petitioner's claim and denied leave to appeal. *See People v. Dixon*, No. 322051 (Mich. Ct. App. Aug. 6, 2014). On February 3, 2015, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Dixon*, 858 N.W.2d 444 (Mich. 2015).

On June 1, 2015, Petitioner filed his habeas corpus petition. His sole ground for relief is that his attorney at the probation-violation hearing was ineffective for failing to investigate and subpoena witnesses and for assuring Petitioner that he would prevail at the hearing without calling any witnesses. Currently pending before the Court is Petitioner's motion for release on bond, for oral arguments, for an evidentiary hearing, for discovery, and for a certificate of appealability. Respondent Paul Klee has not filed an answer to the motion, but he states in his answer to the habeas petition that he opposes any requests for bond, oral arguments, an evidentiary hearing, discovery, a certificate of appealability, or any other relief.

## II. Discussion

### A. Bond

Petitioner filed his pending motion for bond and other relief on January 8, 2016. At the time, he was confined at a re-entry center in Detroit, Michigan. On April 4, 2016, Petitioner notified the Court of his new address in Bridgeport, Michigan. The new address appears to be a private residence, and records maintained by the Michigan Department of Corrections on its official website indicate that Petitioner has been

released on parole. *See*

http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=234201. Thus, the

request for bond is denied as moot.

### B. Oral Arguments

Petitioner has requested oral arguments, but the written pleadings are adequate, and oral arguments are unnecessary. The Court therefore denies Petitioner's request for oral arguments.

### C. Evidentiary Hearing

Petitioner seeks an evidentiary hearing on his claim about his hearing attorney. This request must be considered in light of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which

> restricts the availability of federal evidentiary hearings. *See Davis v. Lafler*, 658 F.3d 525, 539 (6th Cir. 2011) (*en banc*) (Martin, J., concurring in part). For a claim that was adjudicated on the merits in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA apply, and the district court is limited to the record that was before the state court at the time. *See* [*Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)]; 28 U.S.C. § 2254(d)(2).

*Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *see also Carter v. Mitchell*, No. 13-3996, slip op. at 12 (6th Cir. July 13, 2016) (stating that "*Pinholster* indeed limit[s] the 'record under review' in federal habeas proceedings to 'the record before the state court,' precluding review of evidence developed in federal habeas proceedings").

The state trial court adjudicated Petitioner's ineffective-assistance-of-counsel claim on the merits. Therefore, this Court's review is limited to the record that was before the state court, and Petitioner's request for an evidentiary hearing is denied.

### D. Certificate of Appealability

Petitioner seeks a certificate of appealability, but the Court has not yet adjudicated his habeas petition. Consequently, his request for a certificate of appealability is denied as premature.

### E. Discovery

The remaining issue is whether Petitioner is entitled to discovery. He seeks the following items if the Court grants discovery: (1) the "write-ups" about him; (2) his grievances; (3) the daily reports he completed to show that he complied with the Tri-CAP program and rules; (4) destination slips to show that he left and returned to Tri-CAP in a timely manner; (5) staff lists showing when he left the building and when he returned; (6) phone records to show that he called Tri-CAP as instructed; (7) documents showing the two programs he participated in; and (8) the complete Tri-CAP file on him.

Under Federal Rule of Civil Procedure 37(a)(1), "a party may move for an order compelling disclosure or discovery." And "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

But "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course," *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), and the Rules Governing Section 2254 Cases state that "[a] judge may, for good cause, . . . limit the extent of discovery." 28 U.S.C. § 2254, Rule 6(a). "Rule 6(a)

4

makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Bracy*, 520 U.S. at 909.

Petitioner seeks discovery to show that: (1) the prosecution's witness at the probation-violation hearing gave false and inaccurate testimony about his conduct at Tri-CAP; and (2) there was not a preponderance of evidence that he violated the conditions of probation. The habeas petition, however, raises only a claim of ineffective assistance of counsel; it does not include independent claims challenging the credibility of the prosecution's witness or the sufficiency of the evidence. Even if it did, this Court may not

> reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court. *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992).

*Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003).

Furthermore, Petitioner conceded at the evidentiary hearing that he violated some Tri-Cap rules and that he returned late to Tri-CAP at least one time. He also admitted that he filed two grievances, and, according to the prosecution's witness, staff at Tri-CAP viewed the filing of grievances as an indication that Petitioner was not accepting the program. The prosecution's witness also testified that she did not think Petitioner could go back to Tri-CAP and be a successful resident. In light of Petitioner's admissions and the other testimony at the evidentiary hearing, it is unlikely Petitioner would be entitled to relief even if the facts were more fully developed. The Court therefore denies Petitioner's request for discovery.

### III. Conclusion

For all the reasons given above, Petitioner's motion for bond, oral arguments, an evidentiary hearing, a certificate of appealability, and discovery [ECF No. 10] is DENIED.

```
                                        s/ Nancy G. Edmunds
                                        NANCY G. EDMUNDS
Dated: July 27, 2016                    UNITED STATES DISTRICT JUDGE
```